UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEMETRIUS READY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 04 C 5245 |
| **Chicago Police Officers M. FEENEY, Star** ) | |
| **No. 10317, R. ZOLLER, Star No. 8673, and** ) | Judge John W. Darrah |
| **P. FERRARO, Star No. 11588 or 14545, Officer** ) | |
| **A. THOME and Officer L. DIXON and** ) | |
| **THE CITY OF CHICAGO,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Demetrius Ready, filed suit against Defendants, Chicago Police Officers M. Feeney, R. Zoller, P. Ferraro, A. Thome, L. Dixon, and the City of Chicago, alleging unreasonable seizure and detention, malicious prosecution, and excessive force. Before the Court is Defendant Officers' and City of Chicago's Joint 12(b)(5)Motion to Dismiss Plaintiff's First Amended Complaint for lack of proper service.

## BACKGROUND

On August 9, 2004, Plaintiff filed a complaint against Feeney, Zoller, Ferraro, and the City of Chicago, alleging false arrest and malicious prosecution. All of these Defendants were timely served with a complaint. On August 12, 2004, Plaintiff filed a First Amended Complaint, adding a third count of excessive force against two new Defendants, Officers Thome and Dixon. Plaintiff failed to serve this First Amended Complaint to any of the Defendants, including Thome and Dixon, who were not put on notice of the impending lawsuit. The Corporation Counsel of the City of

Chicago on behalf of the Defendant City and all individual defendant officers, including Officers Thome and Dixon, contends that all Defendants should be dismissed for failure of service of the Amended Complaint within 120 days of filing, as required by Rule 4 of the Federal Rules of Civil Procedure. However, in its reply brief, the City concedes that Plaintiff had complied with Rule 4(m) as to Defendants Feeney, Ferraro, Zoller, and the City and the original complaint. Accordingly, Federal Rule of Civil Procedure 5 governs, and Defendants' argument as to improper service under Rule 4(m) does not apply to these Defendants.

On September 1, 2004, appearances were filed for Feeney, Zoller, and Ferraro. Plaintiff did not notice that none of the attorneys filed appearances for the added Defendants, Officers Thome and Dixon. On September 27, 2004, Defendants served Plaintiff with contention interrogatories. On October 12 and 13, 2004, the four original Defendants answered Plaintiff's original complaint. Plaintiff did not realize the answer was not directed to the Amended Complaint. On November 8, 2004, counsel for Defendants received interrogatories from Plaintiff. On January 8, 2005, Defendants Feeney, Ferraro and Zoller mailed answers to the interrogatories. Defendants' counsel states that she first became aware of the existence of the First Amended Complaint on January 10, 2005. Plaintiff then mailed his first Amended Complaint to Defendants' counsel on January 11, 2005.

## ANALYSIS

With respect to the four original Defendants – Feeney, Zoller, Ferraro and the City – service of pleadings is valid when it complies with Fed. R. Civ. P. 5. Rule 5 provides that any papers that follow the original complaint are served on a party by mailing such papers to the party or the party's attorney if an appearance has been filed. Rule 5(a) does not provide a time limit within which

service must be accomplished. However, subsection (d) requires that papers filed pursuant to 5(a) be filed with the court "within a reasonable time after service." Fed. R. Civ. P. 5(d).

The Amended Complaint was filed with the court "within a reasonable time." The Amended Complaint was not served on the four original Defendants until five months after filing; however, counsel for Defendants had notice of the impending legal action because they were served with the original complaint. Counsel for Defendants filed answers to the original complaint. As such, there is little, if any, evidence of prejudice to these four Defendants. Moreover, dismissal without prejudice, and the resulting running of the statute of limitations, is contrary to policy "that courts generally prefer to resolve disputes on their merits instead of procedural technicalities." *See Fidelity & Deposit Co. v. Ramco Indus.*, 1996 WL 392164 at *3 (N.D.Ill. July 11, 1996) (*Fidelity*). Defendants' motion to dismiss the Amended Complaint as to Defendants Feeney, Zoller, Ferraro, and the City is denied.

With respect to Defendants Thome and Dixon, service upon individuals of a summons and complaint within a judicial district of the United States is valid when it complies with Fed. R. Civ. P. 4(e), which states that service shall be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individuals' dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Additionally, Rule 4(e)(1) allows service to be effected "pursuant to the law of the state in which the district is located . . ." Fed. R. Civ. P. 4(e)(1). Illinois law does not differ significantly with the Federal Rules for service on individuals.

Ready did not serve his First Amended Complaint on Defendants Thome and Dixon. Although Plaintiff's counsel signed a Notice of Filing and a Certificate of Service stating that he had served Defendants, Plaintiff did not perfect service in accordance with either Fed. R. Civ. P. 4 or 735 ILCS 5/2-203.

Under Rule 4(m), service of the complaint and summons is to be made within 120 days after the filing of the complaint. In this case, Ready filed his Amended Complaint on August 12, 2004; the 120-day period expired as of December 10, 2004. If the 120-day time period is not met, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If the plaintiff cannot show good cause for the defect in service, the court still has the discretion to direct that service be effected within a specified time. *See Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996).

"Good cause" is not defined but, rather, left to the discretion of the Court. *See* Fed. R. Civ. P. 4(m). Although Plaintiff's counsel argues that service of the original complaint was effectuated and has resulted in no failure to prosecute, there is no dispute that Plaintiff failed to serve upon Defendants Thome and Dixon his First Amended Complaint within the 120-day period. Plaintiff's conduct does not establish "good cause" under Rule 4.

While Plaintiff has not established "good cause" to excuse his improper service, the Court has the discretion to extend the period of time to effect proper service. *See Panaras,* 9 F.3d at 340-41. Clarifying when such discretion is warranted, the Federal Rules note "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. In the present case, dismissing the suit,

even without prejudice, would result in the statute of limitations' barring a refiled action. Granting an extension in this particular circumstance is clearly contemplated by the rule. *See Fidelity*, 1996 WL 392164 at *3 ("courts generally prefer to resolve disputes on their merits instead of procedural technicalities").

Further, Defendants Thome and Dixon fail to show evidence of "significant" prejudice as a result of Plaintiff's failure to serve the First Amended Complaint. Counsel for the three original individual Defendants is presently representing the two additional Defendants in the prosecution of this motion.

An extension of time to effect service is proper in the present case. Plaintiff may serve his First Amended Complaint upon Defendants Thome and Dixon in any manner which otherwise complies with Rule 4 of the Federal Rules of Civil Procedure within thirty days of the date of this Order. This ruling permitting the extension of time for service should not be construed as waiving the right to service; as the Seventh Circuit has noted, "the rule does not abolish a defendant's right to proper service of process." *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Plaintiff's failure to effect proper service within that time period will result in the dismissal of his suit.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: March 2, 2005

JOHN W. DARRAH
United States District Judge